BALTIMORE STEAM TOWING CO., (WARE v.) See Case No. 17,167.

BALTZELL, (NAYLOR v.) See Case No. 10,061.

BALTZER, (DAVIS v.) See Case No. 3,625.

=====

## Case No. 831.
### The BAMBARD.
### [8 Ben. 493.][1]
### District Court, E. D. New York. July, 1876.
#### SEAMAN'S WAGES—SAILING ON SHARES.

A master of a schooner sailed her on shares. A sailor, on leaving the vessel, had a settlement with the master and took the master's note for the amount of wages due him and some money loaned by him to the master. The note was not paid, and nine months after the discharge of the sailor, he filed a libel against the vessel to recover his wages. A settlement had been had between the master and the owners before the libel was filed: *Held,* that, although there was no evidence of a specific notice to the libellant that he was to be paid by the master only, yet under the circumstances, if the libellant ever had a lien on the vessel for his wages, he must be held to have waived it.

[Cited in The L. L. Lamb, 31 Fed. 34.]

[In admiralty. Libel in rem for seaman's wages against the schooner Bambard. Dismissed.]

J. J. Allen, for libellant.

Beebe, Wilcox & Hobbs, for claimant.

BENEDICT, District Judge. This is an action to recover for wages earned by a hand on board a vessel, engaged in the coasting

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

trade between Virginia and New York. It is brought some nine months after the libellant was discharged from the vessel. At the time of the discharge, a settlement was had between him and the master, for the wages then due, and also for money loaned by the libellant to the master; and the promissory note of the master for the balance of the account, payable at a future day, was then taken by the libellant. The vessel was sailed on shares, the master to furnish the crew; and a settlement between the master and owners was had before the commencement of this action. The note of the master not being paid, this action is brought to enforce a lien upon the vessel for the amount of the wages.

I am of the opinion, that the action can not be sustained, for the reason that the evidence shows that the service was performed upon the personal credit of the master. It is true that, in the case of a seaman, strong proof is to be required to establish an intention not to look to the vessel; and it is also true that there is, in this case, no evidence of a specific notice to the seaman that he was to be paid by the master. But other circumstances plainly point to the inference, that the libellant knew that the vessel was sailed on shares, and that he settled with the master upon the understanding that he was to look to the master alone for his pay. Further, the taking of the promissory note of the master payable at a future day, and the omission to proceed against the vessel for a period of nine months, no excuse for the delay being given, and the statements of the libellant that he had no claim against the vessel, warrant the determination that if the libellant ever had a lien it has been waived and cannot now be enforced against the vessel.

Libel dismissed, with costs.